IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| APRIL DIANE McPETERS, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>TONY C. PARKER, in his individual and official capacities as Commissioner of the Tennessee Department of Correction, ALISHA SHOATES JAMES, in her individual and official capacities as Assistant Commissioner for Community Supervision, DAVID LANE, in his individual and official capacities as Correctional Administrator for the East Division of Probation, PAUL C. GORE, in his individual and official capacities with the Tennessee Department of Correction Probation and Parole Division, WADE A. ADCOCK, in his individual and official capacities with the Tennessee Department of Correction Probation and Parole Division, and BRYANT LAMONT THOMAS, in his individual and official capacities as a Probation and Parole Officer with the Tennessee Department of Correction Probation and Parole Division,<br><br>  Defendants. | Case No. _____<br><br>JURY DEMAND |

## COMPLAINT

  This case arises out of the rape of a woman on probation by her probation officer, who was acting under color of state law during an unlawful home visit. It was a rape that was facilitated by a

systemic failure to protect, and a deliberate indifference to the safety and well-being of, female probationers and parolees.

## INTRODUCTION

Probation and parole officers are charged with responsibility to assist individuals under their supervision to make a successful transition and re-entry into society. They are expected to maintain accountability and close supervision of probationers and parolees, both to assure the safety of the public and to provide structure in furtherance of the process of rehabilitation. To accomplish these goals, probation and parole officers are entrusted with tremendous power over the men and women they are assigned to supervise, wielding the constant threat of incarceration to gain compliance.

It is essential, therefore, that those in the chain of command and control at the Tennessee Department of Correction ("TDOC") and the local offices of the Division of Probation and Parole implement robust policies, procedures, and systems to protect those entrusted to the Department from abuse of authority. That did not happen in this case.

The Tennessee Department of Correction, acting by and through the people in its chain of command, is responsible for assuring the public in general, and probationers in particular, that its Officers will be adequately trained, regulated, and supervised. It is of utmost importance to public safety and at the core of civil rights that law enforcement agencies adequately police themselves in a manner that instills public trust in these institutions. We expect those selected for positions of such authority to be carefully selected, trained, and supervised, and to act lawfully, with respect for the power they are accorded. We expect probation and parole officers to supervise persons who have been convicted of crimes, not to commit crimes themselves. When a probation and parole officer violates the law, he breaches public trust, he breaches the trust of those he supervises, and he makes a mockery of the criminal justice system.

2

Those responsible for providing these assurances to the public and to probationers—Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock—have failed to meet the duty they owed to the public. Civil rights litigation, such as is being instituted herein, was born out of law enforcement institutions' incapacity to police themselves, as evident in this case, making redress with the courts necessary.

Defendant Bryant Lamont Thomas abused his position of trust and authority as a Probation and Parole Officer to sexually exploit and assault Plaintiff April Diane McPeters, a probationer he was assigned to supervise from late 2016 through early 2017. Ms. McPeters was a nonviolent offender, on probation for a conviction of food stamp fraud. Defendant Thomas used his power as a Probation Officer to sexually harass, assault, and commit the crime of rape by an authority figure. He raped Ms. McPeters in her own home, leaving her broken and terrified. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock, through deliberate and willful indifference, not only permitted this to happen, they permitted Ms. McPeters to be re-victimized through retaliation by Defendant Thomas's fellow officers after she reported Defendant Thomas's misconduct.

Plaintiff April Diane McPeters, on behalf of herself and all others similarly situated, brings this Complaint pursuant to 42 U.S.C. §§ 1983 and 1988 to hold the named Defendants accountable for their breach of the public trust, and brings it individually for their violations of her civil rights, and for Defendant Thomas's assault and battery under Tennessee law:

## PARTIES

1. When Defendant Thomas raped her, Plaintiff April Diane McPeters was out of jail and living at home as a citizen and resident of Anderson County, Tennessee. Following Ms. McPeters's report of Defendant Thomas's misconduct, and with no regard for the consequences of

3

the emotional trauma to which she had been subjected, TDOC probation officials subsequently sought and obtained an order revoking her probation and sent her to jail.

2. Defendant Tony C. Parker was appointed to the position of Commissioner of the TDOC in June 2016. The TDOC operates the Division of Probation and Parole. It has the responsibility to provide a safe probation system for its probationers and parolees, and to properly hire, train, and supervise its employees. He is a Defendant in this case because he failed in that duty.

3. At all times relevant to this Complaint, Defendant Alisha Shoates James was the Assistant Commissioner for Community Supervision with the TDOC. She was responsible for the Division of Probation and Parole and was responsible for overseeing and supervising probation and parole operations and community correction programming. This includes the responsibility to provide a safe probation system for its probationers and parolees, and to properly hire, train, and supervise its employees. She is a Defendant in this case because she failed in that duty.

4. At all times relevant to this Complaint, Defendant David Lane was the East Probation Correctional Administrator for the TDOC East Division of Probation. He was responsible for the Division of Probation serving Anderson County. He has the responsibility to provide a safe probation system for its probationers and parolees, and to properly hire, train, and supervise its employees. He is a Defendant in this case because he failed in that duty.

5. At all times relevant to this Complaint, Defendant Paul C. Gore was employed by the TDOC Division of Probation and Parole. Defendant Gore was Defendant Thomas's direct report supervisor at the time of his assault on Ms. McPeters. He has the responsibility to properly hire, train, and supervise its employees. He is a Defendant in this case because he failed in that duty.

6. At all times relevant to this Complaint, Defendant Wade A. Adcock was employed by the TDOC Division of Probation and Parole. Defendant Adcock was Defendant Thomas's direct

4

report supervisor when Defendant Thomas was hired by the TDOC Division of Probation and Parole. He has the responsibility to properly hire, train, and supervise its employees. He is a Defendant in this case because he failed in that duty.

7. Defendant Bryant Lamont Thomas was a Probation and Parole Officer employed by the TDOC Division of Probation and Parole beginning in May 2016 until his employment was terminated in 2017 for an incident unrelated to his rape of Ms. McPeters. He remains a free man, while Plaintiff McPeters has been sent to jail.

8. At all times relevant to this Complaint, the Defendants acted within the scope of their employment and under color of state law.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1367(a). Venue in this district is proper under 28 U.S.C. § 1391(b).

## FACTS

10. The allegations contained in Paragraphs 1 through 9 of this Complaint are incorporated by reference as if fully set forth herein.

11. Probation and Parole Officers in Tennessee have near-absolute power over the probationers and parolees that they are assigned to supervise.

12. Probation and Parole Officers in Tennessee are privy to sensitive, personal information regarding the individuals they supervise.

13. Probation and Parole Officers in Tennessee have the power to initiate proceedings to revoke probation and parole, which can result in the probationer or parolee going to prison.

5

14. If a Probation and Parole Officer in Tennessee seeks revocation of a parolee's parole, the parolee is sent to prison on the word of the officer and the parole board reviews the revocation. The parolee is not entitled to appointed counsel in front of the board.

15. Probation and Parole Officers in Tennessee carry firearms.

16. Plaintiff April McPeters was on probation after pleading guilty to a charge of food stamp fraud.

17. She had complied with the conditions of her probation and lived under the supervision of her prior Probation Officer without incident for approximately five years.

18. In late 2016, Ms. McPeters was informed that she would be assigned to a new Probation Officer. She was assigned to Defendant Thomas.

19. Defendant Thomas began working as a Probation and Parole Officer employed by the TDOC Division of Probation and Parole beginning in May 2016.

20. Ms. McPeters did her best to cooperate with Defendant Thomas. She reported to his office as required and stayed in compliance, which he confirmed in text messages.

21. Defendant Thomas used text messages to check on Ms. McPeters's efforts to obtain work. However, after two in-person visits with Defendant Thomas, his text messages moved beyond formal status updates and became informal and conversational in an attempt to gain Ms. McPeters's trust.

22. In February 2017, Ms. McPeters went to Defendant Thomas's office for her third check-in. She was informed that he was not available.

23. Shortly after Ms. McPeters's attempted third check-in, Defendant Thomas called Ms. McPeters on her cell phone. He informed Ms. McPeters that he was conducting home visits instead of office check-ins.

6

24. From that point on, Defendant Thomas's text messages to Ms. McPeters became harassing and exploitative. He asked Ms. McPeters inappropriate personal questions and requested pictures of Ms. McPeters. Defendant Thomas even asked Ms. McPeters to send sexually-explicit pictures of herself.

25. Ms. McPeters delayed sending pictures of herself to Defendant Thomas, hoping that his requests would stop. However, she was unable to refuse a request for a home visit from her Probation Officer.

26. Despite her unease, Ms. McPeters had no choice but to accede to Defendant Thomas's demand that he to come to her house. He arrived at a time that she was alone in the house.

27. When Defendant Thomas arrived, he was wearing his Probation and Parole Officer badge. He had a pistol on his belt.

28. Defendant Thomas placed his hand on his pistol and walked through Ms. McPeters's entire house, checking to make sure there were no witnesses present.

29. Defendant Thomas pushed close to Ms. McPeters and whispered orders to show him pictures of her. Frightened and alone, Ms. McPeters did as ordered and showed him pictures. Defendant Thomas then forced Ms. McPeters to delete many of the text messages that they had exchanged.

30. With his hand on his gun, Defendant Thomas next ordered that Ms. McPeters perform oral sex on him.

31. In fear for her life and liberty, and under the compulsion of Defendant Thomas's exercise of his official authority, Ms. McPeters complied with his commands.

7

32. Defendant Thomas preyed on and victimized Ms. McPeters, taking advantage of her role as a probationer under his supervision and her fear that Defendant Thomas would revoke her probation.

33. The TDOC, through Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock, set Ms. McPeters up for harassment and assault, and provided her with no recourse either before or after the fact, no support, no counseling, and remained deliberately indifferent as all the progress she had made in her life unraveled in anxiety and despair as a result of Defendant Thomas's grotesque abuse of authority.

34. The Defendants chose instead to revictimize their victim, subjecting her to a surprise repeat home visit by two male officers, and increasingly strict supervision.

35. Traumatized by the rape, Ms. McPeters asked that she be appointed a female probation officer. Defendant Gore denied her request.

36. Each time she was forced to answer to another male probation officer carrying a sidearm, Ms. McPeters was forced to emotionally relive the trauma of her experience with Defendant Thomas. This is a hallmark symptom of Post-Traumatic Stress Disorder.

37. In retaliation for Ms. McPeters's report of the crime Defendant Thomas committed, and acting with deliberate indifference to Ms. McPeters's exercise of her constitutionally protected right to report the misconduct of a parole officer, Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock authorized, approved, directed, and/or permitted the Probation and Parole Officers to whom Ms. McPeters had reported the rape to search her home. The search purportedly produced "probable cause" for new criminal charges against Ms. McPeters.

38. As a direct and proximate result of the Defendants' misconduct, their abuse of official authority, their willful indifference to the violations of her civil rights, and retribution for her report

8

of Defendant Thomas's harassment and rape, Ms. McPeters suffers from depression, anxiety, fear, anger, difficulty sleeping, and other emotional trauma and distress. Traumatized, she was unable to maintain regular employment or remain drug free. She is in jail because she was the victim of a rape.

39. In direct violation of TDOC policies and procedures, no supervisor—including Defendants Gore and Adcock—made a formal report of the rape or conducted even a cursory investigation into the matter.

40. The Commissioners and supervisory personnel of the TDOC, both current and former, including the Defendants named herein, have a duty to make and enforce policies and procedures to prevent violations of the Plaintiff's constitutional rights.

41. Multiple complaints of sexual harassment and assault have been lodged by female probationers against male Probation and Parole Officers employed in the Clinton, Tennessee Probation Field Office and across Tennessee. Defendant Thomas assaulted multiple probationers and/or parolees under his supervision.

42. The Defendants have remained deliberately indifferent to these ongoing serious violations of the constitutional rights of women assigned to their supervision and control.

43. Defendants Tony C. Parker, Alisha Shoates James, and David Lane were responsible for setting Division of Probation and Parole policies and procedures, including the Division's failure to advise probationers and parolees of what would constitute officer sexual misconduct and to provide a safe way to report such misconduct.

44. Defendants Tony C. Parker, Alisha Shoates James, and David Lane failed to enact sufficient Division of Probation and Parole policies and procedures to protect probationers from sexual harassment and assault.

45. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to enforce Division of Probation and Parole policies and procedures to protect probationers from sexual harassment and assault.

46. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to advise probationers or parolees of what would constitute misconduct generally, or officer sexual misconduct in particular.

47. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to provide a safe and effective system for probationers and parolees to report and obtain relief from sexual harassment, assault, and abuse of authority by Probation and Parole Officers.

48. Defendants Tony C. Parker, Alisha Shoates James, and David Lane failed to implement policies, procedures, and systems to prevent retribution or conduct by Probation and Parole Officers likely to retraumatize or be objectively perceived as retaliation for reports of sexual harassment, assault, and abuse of authority by Probation and Parole Officers.

49. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to provide the Plaintiff and others similarly situated with counseling, treatment, and care to mitigate the effects of the trauma of sexual harassment and violence perpetrated under color of official right by Probation and Parole Officers employed by the TDOC.

50. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to train Division of Probation and Parole employees to appropriately document and investigation allegations of sexual misconduct by Department employees.

51. Defendants Tony C. Parker, Alisha Shoates James, and David Lane failed to identify and address the patters of sexual misconduct occurring in the Clinton, Tennessee Field Office and across Tennessee.

## **CLASS ACTION ALLEGATIONS**

52. Plaintiff brings this action on behalf of herself and as a class action under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, seeking equitable and injunctive relief on behalf of the following class:

   a. All females who have been under the supervision of the Tennessee Department of Correction, either on probation or parole, from February 1, 2017 through the present; and

   b. All females who have had cause to report and seek redress for sexual harassment or assault by a Probation or Parole Officer employed by the Tennessee Department of Correction and remain under the supervision of the Tennessee Department of Correction, either incarcerated, on probation, or on parole.

53. While Plaintiff does not know the exact number of the members of the Class, Plaintiff believes there are hundreds of members.

54. Common questions of law and fact exist as to all members of the Class. Such questions of law and fact common to the Class members include, but are not limited to:

   a. Whether Defendants have failed to enact sufficient policies and procedures to protect probationers from sexual harassment and assault;

   b. Whether Defendants have failed to enforce policies and procedures to protect probationers from sexual harassment and assault;

   c. Whether Defendants have failed to failed to provide a safe and effective system for probationers and parolees to report and obtain relief from sexual harassment, assault, and abuse of authority by Probation and Parole Officers;

11

d. Whether Defendants have failed to train Division of Probation and Parole employees to appropriately document and investigation allegations of sexual misconduct by Department employees;

e. Whether Defendants have failed to identify and address the patterns of sexual misconduct occurring in the Clinton, Tennessee Field Office and across Tennessee; and

f. The appropriate injunctive and related equitable relief for the Class members.

55. Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff and all members of the Class are similarly affected by Defendants' wrongful conduct.

56. Plaintiff's claims arise out of the same common course of conduct giving rise to the claims of the other members of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the other members of the Class.

57. Plaintiff is represented by counsel who are competent and experienced in the prosecution of civil rights and class action litigation.

## COUNT I: CIVIL RIGHTS
**(against Defendant Bryant Lamont Thomas, in his individual capacity)**

58. The allegations contained in Paragraphs 1 through 58 of this Complaint are incorporated by reference as if fully set forth herein.

59. Defendant Bryant Lamont Thomas is individually liable to Plaintiff April McPeters for compensatory and punitive damages for his violation of 42 U.S.C. § 1983.

60. Defendant Thomas's rape of Ms. McPeters was a deprivation of her constitutional due process right to life, liberty, and property.

12

61. Defendant Thomas intentionally deprived Ms. McPeters of this constitutional right when he raped her.

62. The rape of Ms. McPeters by Defendant Thomas occurred through his role and power as her probation officer, appointed by the TDOC Division of Probation and Parole, and was an action taken under color of state law.

63. Defendant Thomas's assault of Ms. McPeters was a direct and proximate cause of the injuries and damages that Ms. McPeters has sustained.

## COUNT II: CIVIL RIGHTS
**(against Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock, in their individual and official capacities)**

64. The allegations contained in Paragraphs 1 through 64 of this Complaint are incorporated by reference as if fully set forth herein.

65. Defendants' deliberate indifference to the safety and security of the female probationers and parolees in their care has created a system in which Probation and Parole Officers abuse their authority to violate the rights of those under their supervision.

66. Defendants have failed to enact, implement, and enforce policies, procedures, and systems to protect those under their care and supervision. Defendants' failures and willful indifference to the violation of civil rights of female probationers and parolees include, but are not limited to:

   a. Defendants Tony C. Parker, Alisha Shoates James, and David Lane failed to enact sufficient Division of Probation and Parole policies and procedures to protect probationers from sexual harassment and assault.

   b. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to enforce Division of Probation and Parole policies and procedures to protect probationers from sexual harassment and assault.

13

c. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to advise probationers or parolees of what would constitute misconduct generally, or officer sexual misconduct in particular.

d. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to provide a safe and effective system for probationers and parolees to report and obtain relief from sexual harassment, assault, and abuse of authority by Probation and Parole Officers.

e. Defendants Tony C. Parker, Alisha Shoates James, and David Lane failed to implement policies, procedures, and systems to prevent retribution or conduct by Probation and Parole Officers likely to retraumatize or be objectively perceived as retaliation for reports of sexual harassment, assault, and abuse of authority by Probation and Parole Officers.

f. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to provide the Plaintiff and others similarly situated with counseling, treatment, and care to mitigate the effects of the trauma of sexual harassment and violence perpetrated under color of official right by Probation and Parole Officers employed by the TDOC.

g. Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock failed to train Division of Probation and Parole employees to appropriately document and investigation allegations of sexual misconduct by Department employees.

h. Defendants Tony C. Parker, Alisha Shoates James, and David Lane failed to identify and address the patterns of sexual misconduct occurring in the Clinton, Tennessee Field Office and across Tennessee.

67. As a direct and proximate result of Defendants' willful indifference and failure to protect the probationers and parolees in their care, Defendant Thomas used the power of his position as Probation Officer to rape Ms. McPeters, thereby depriving her of her constitutional due process right to life, liberty, and property.

68. The actions, inactions, and willful indifference of Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock have occurred in their roles in the Tennessee Department of Correction and under color of state law.

69. For the violations of 42 U.S.C. § 1983 described in Counts I and II, Plaintiff seeks the following injunctive relief from Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock:

   a. An injunction requiring Defendants to institute and enforce a policy prohibiting any Probation and Parole Officer to conduct home visits of any individual on probation or parole without a second employee of the TDOC Division of Probation and Parole present at all times;

   b. An injunction requiring Defendants to provide a safe and effective system for probationers and paroles to report and obtain relief from sexual harassment, assault, and abuse of authority by Probation and Parole Officers;

   c. An injunction requiring Defendants to create and maintain a "helpline" through which individuals on probation or parole can report assaults, intimidation, or other improper actions by Probation and Parole Officers by telephonic and internet methods;

d. An injunction requiring Defendants to implement policies, procedures, and systems to prevent retribution or conduct by Probation and Parole Officers likely to retraumatize or be objectively perceived as retaliation for reports of sexual harassment, assault, and abuse of authority by Probation and Parole Officers;

e. An injunction requiring Defendants to maintain records of allegations of assaults, intimidation, or other improper actions by Probation and Parole Officers, whether substantiated or unsubstantiated, in a format that permits the identification of possible patterns of abusive behavior;

f. An injunction requiring Defendants to conduct regular reviews of these records of allegations of assaults, intimidation, or other improper actions by Probation and Parole Officers in order to identify possible patterns of abusive behavior;

g. An injunction requiring Defendants to act to prevent future abusive behavior by Probation and Parole Officers when patterns of abusive behavior are identified through review of these records;

h. An injunction requiring Defendants to prevent any contact between any females on probation or parole and any employee who has not been properly trained or who has a history of abusive behavior;

i. An injunction requiring Defendants to provide the Plaintiff and others similarly situated with counseling, treatment, and care to mitigate the effects of the trauma of sexual harassment and violence perpetrated under cover of official right by Probation and Parole Officers employed by the TDOC;

j.  In the event that Defendant Thomas is permitted to return to his employment with the TDOC Division of Probation and Parole, an injunction preventing his work in positions that would bring him in contact with females on probation or parole;

k.  In the event that Defendant Thomas is permitted to return to his employment with the TDOC Division of Probation and Parole, an injunction preventing his work in positions that would bring him in contact with Plaintiff April McPeters;

l.  An injunction preventing any retaliation against Ms. McPeters for the commencement or pursuit of this litigation.

## COUNT III: ASSAULT AND BATTERY
**(against Defendant Bryant Lamont Thomas)**

70. The allegations contained in Paragraphs 1 through 70 of this Complaint are incorporated by reference as if fully set forth herein.

71. By keeping hold of his gun throughout his sexual assault of Ms. McPeters, Defendant Thomas intended to frighten Ms. McPeters.

72. Defendant Thomas's reference to his gun gave him the unmistakable appearance of the present ability to harm or frighten Ms. McPeters.

73. Defendant Thomas's intended to perform the sexual assault on Ms. McPeters.

74. Defendant Thomas's sexual assault was an unlawful and offensive physical contact with Ms. McPeters.

75. Defendant Thomas is liable to Ms. McPeters for compensatory and punitive damages for his assault and battery of Ms. McPeters.

17

WHEREFORE, PREMISES CONSIDERED, Plaintiff April Diane McPeters demands the following:

1. That proper process be issued and served upon Defendants, and that they be required to appear and answer this Complaint within the time prescribed by law;

2. That the Court empanel a jury to hear this cause;

3. That the Court determine that this action may be maintained as a class action under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule (c)(2) of the Federal Rules of Civil Procedure, be given to each and every member of the Class;

76. That the following injunctive relief be granted to Plaintiff McPeters, on behalf of herself and the Class, from Defendants Tony C. Parker, Alisha Shoates James, David Lane, Paul C. Gore, and Wade A. Adcock:

   a. An injunction requiring Defendants to institute and enforce a policy prohibiting any Probation and Parole Officer to conduct home visits of any individual on probation or parole without a second employee of the TDOC Division of Probation and Parole present at all times;

   b. An injunction requiring Defendants to provide a safe and effective system for probationers and paroles to report and obtain relief from sexual harassment, assault, and abuse of authority by Probation and Parole Officers;

   c. An injunction requiring Defendants to create and maintain a "helpline" through which individuals on probation or parole can report assaults, intimidation, or other improper actions by Probation and Parole Officers by telephonic and internet methods;

d. An injunction requiring Defendants to implement policies, procedures, and systems to prevent retribution or conduct by Probation and Parole Officers likely to retraumatize or be objectively perceived as retaliation for reports of sexual harassment, assault, and abuse of authority by Probation and Parole Officers;

e. An injunction requiring Defendants to maintain records of allegations of assaults, intimidation, or other improper actions by Probation and Parole Officers, whether substantiated or unsubstantiated, in a format that permits the identification of possible patterns of abusive behavior;

f. An injunction requiring Defendants to conduct regular reviews of these records of allegations of assaults, intimidation, or other improper actions by Probation and Parole Officers in order to identify possible patterns of abusive behavior;

g. An injunction requiring Defendants to act to prevent future abusive behavior by Probation and Parole Officers when patterns of abusive behavior are identified through review of these records;

h. An injunction requiring Defendants to prevent any contact between any females on probation or parole and any employee who has not been properly trained or who has a history of abusive behavior;

i. An injunction requiring Defendants to provide the Plaintiff and others similarly situated with counseling, treatment, and care to mitigate the effects of the trauma of sexual harassment and violence perpetrated under cover of official right by Probation and Parole Officers employed by the TDOC;

19

j.  In the event that Defendant Thomas is permitted to return to his employment with the TDOC Division of Probation and Parole, an injunction preventing his work in positions that would bring him in contact with females on probation or parole;

k.  In the event that Defendant Thomas is permitted to return to his employment with the TDOC Division of Probation and Parole, an injunction preventing his work in positions that would bring him in contact with Plaintiff April McPeters;

l.  An injunction preventing any retaliation against Ms. McPeters for the commencement or pursuit of this litigation.

4. That judgment be entered in favor of Plaintiff and against Defendants for economic and noneconomic damages in an amount sufficient to compensate Plaintiff for damages for the trauma, as provided at law for the injuries, damages, and pain and suffering of Plaintiff;

5. That Plaintiff be awarded the attorneys' fees and costs incurred in the commencement and pursuit of this litigation, pursuant to 42 U.S.C. §§ 1983 and 1988; and

6. That Plaintiff be awarded such additional and/or alternative relief as justice may require.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Elizabeth S. Tipping
    Philip N. Elbert, No. 9430
    Elizabeth S. Tipping, No. 23066

1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 244-1713
pelbert@nealharwell.com
etipping@nealharwell.com

*Counsel for Plaintiff*

20

Case 3:18-cv-00039-CLC-HBG   Document 1   Filed 02/01/18   Page 20 of 20   PageID #: 20