UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| APRIL DIANE MCPETERS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-CV-39-CLC-HBG |
| TONY C. PARKER, in his individual capacity and in his official capacity as Commissioner of Tennessee Department of Correction, et al., | ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant Thomas's Motion [Doc. 34], requesting appointment of counsel in this case. By way of background, on June 28, 2018, the undersigned granted Defendant Thomas's request to allow Attorney Barnes to enter a limited appearance as defense counsel for the sole purpose of filing a motion to stay these proceedings, pending Defendant Thomas's criminal case. Subsequently, on September 10, 2018, the District Judge entered an Order [Doc. 32], directing Defendant Thomas to file a notice within fourteen days (14) with respect to whether he intends to proceed pro se or retain counsel as to matters other than his motion to stay. In response, Defendant Thomas filed the instant Motion.

In the instant Motion, Defendant Thomas states that he is not financially able to pay for counsel and he requests that the Court appoint an attorney to defend him against this lawsuit. The appointment of counsel in civil cases is not a constitutional right, but the Court may use its discretion to appoint counsel in civil cases under certain circumstances. *Brubaker v. Barrett*, 801

1

F. Supp. 2d 743, 763 (E.D. Tenn. 2011). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." *See also Orlowski v. Bates*, No. 211CV01396JPMCGC, 2015 WL 13654038, at *1 (W.D. Tenn. Aug. 26, 2015) (stating the same in context of a defendant requesting appointment of counsel). "[B]ecause appointment of counsel in civil cases is not a constitutional right, '[i]t is a privilege that is justified only by exceptional circumstances.'" *Brubaker,* 801 F. Supp. 2d at 763 (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). In considering if exceptional circumstances exist, courts have "examined the type of case and the abilities of the plaintiff [or defendant] to represent himself [or herself]." *Id.* (quoting *Lavado*, 992 F.2d at 606); *see also Kwik-Sew Pattern Co. v. Gendron*, No. 1:08-CV-309, 2008 WL 11349985, at *1 (W.D. Mich. Sept. 19, 2008) (discussing the appointment of defense counsel). This "generally involves a determination of the complexity of the factual and legal issues involved." *Brubaker,* 801 F. Supp. 2d at 763 (quoting *Lavado*, 992 F.2d at 606). It is the moving party's burden to show that exceptional circumstances exist. *Id.; see also Orlowski,* 2015 WL 13564038, at *1.

At this time, the Court finds that Defendant has not established the sort of exceptional circumstances that would warrant the appointment of counsel on his behalf. Defendant's only argument set forth for the appointment of counsel is his financial condition. Accordingly, the Court finds Defendant's Motion [**Doc. 34**] not well taken, and it is **DENIED**.

    **IT IS SO ORDERED.**

                        ENTER:

                        */s/ Bruce Guyton*
                        United States Magistrate Judge