IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| APRIL DIANE McPETERS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BRYANT LAMONT THOMAS, in his individual and official capacities as a Probation and Parole Officer with the Tennessee Department of Correction and Parole Division,<br><br>    Defendant. | Case No. 3:18-cv-00039-CLC-HBG<br><br>JURY DEMAND |

### PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRYANT LAMONT THOMAS

Plaintiff, April Diane McPeters, in accordance with the Court's October 26, 2020 Order (Doc. 53), hereby applies to the Court under Fed. R. Civ. P. 55(b) for a default judgment against Defendant, Bryant Lamont Thomas. Defendant Thomas has failed to answer or otherwise respond to Plaintiff's Complaint, and the Clerk entered a default against Mr. Thomas on September 22, 2020 (Doc. 52). A default judgment should be entered in favor of Ms. McPeters and against Defendant Thomas for compensatory and punitive damages in an amount to be determined after a hearing but no less than $10 million in compensatory damages and $15 million in punitive damages.

### BACKGROUND

Ms. McPeters filed her Complaint (Doc. 1) against six Defendants, including Defendant Thomas, on February 1, 2018. Five Defendants—all except for Defendant Thomas—filed a motion

to dismiss (Doc. 9). Defendant Thomas filed a motion stay this action while criminal charges arising from the same incident were pending against him (Doc. 25). The Court granted the motion to dismiss, leaving Defendant Thomas as the sole remaining Defendant. (Doc. 40.) The Court also granted Defendant Thomas's motion to stay this action. (Doc. 41.) On July 16, 2020, the Court ordered that the stay be lifted (Doc. 49). Ms. McPeters requested that a default be entered against Defendant Thomas under Fed. R. Civ. P. 55(a), which the Clerk entered on September 22, 2020 (Doc. 52). Ms. McPeters now seeks the entry of a default judgment against Defendant Thomas and requests that the Court conduct a hearing on this application.

## FACTS

As laid out in the Complaint,[*] Ms. McPeters was a probationer under the supervision of Defendant Thomas, a Probation and Parole Officer with the Tennessee Department of Corrections (TDOC), when Defendant Thomas ordered her to perform oral sex on him during an unlawful visit to Plaintiff's home.

In late 2016, Defendant Thomas, a Probation and Parole Officer with the TDOC Division of Probation and Parole, was assigned to supervise Ms. McPeters, who was on probation after pleading guilty to food-stamp fraud. (Compl. ¶¶ 7, 16, 18.) Ms. McPeters did her best to cooperate with Defendant Thomas, and she stayed in compliance with her probation, as Defendant Thomas confirmed via text messages to her. (*Id.* ¶ 20.) Defendant Thomas began sending informal and conversational text messages to Ms. McPeters. (*Id.* ¶ 21.) After notifying Ms. McPeters that he would be conducting home visits instead of office check-ins, Defendant Thomas's text messages

---

[*] Because Defendant Thomas failed to file an Answer to the Complaint, the allegations in the Complaint are deemed admitted. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

became harassing and exploitative, with Defendant Thomas asking Ms. McPeters inappropriate personal questions and requesting her to send him pictures (including sexually explicit pictures) of herself. (*Id.* ¶ 24.)

Defendant Thomas—wearing a Probation and Parole Officer badge and a gun—arrived at Ms. McPeters's home when she was alone. (*Id.* ¶ 26, 27.) Defendant Thomas placed his hand on his pistol and walked through her home to ensure that no witnesses were present. (*Id.* ¶ 27.) He pushed close to Ms. McPeters and whispered orders to show him pictures of her, and Ms. McPeters —frightened and alone—complied with the orders. (*Id.* ¶ 29.) Defendant Thomas then forced her to delete many text messages that they had exchanged. (*Id.*)

With his hand on his gun, Defendant Thomas next ordered Ms. McPeters to perform oral sex on him. (*Id.* ¶ 30.) Ms. McPeters —in fear for her life and liberty and under the compulsion of Defendant Thomas's authority—complied with the command. (*Id.* ¶ 31.) After this incident, Plaintiff was provided with no support or counseling. (*Id.* ¶ 33.) After the rape was reported, she was subjected to a retaliatory surprise repeat home visit by two male officers and increasingly strict supervision. (*Id.* ¶ 34.) Her request that a female probation officer supervise her was denied. (*Id.* ¶ 35.) Plaintiff—traumatized by the rape—could not maintain regular employment or remain drug free, and she was sent to jail. (*Id.* ¶ 38.) She experienced (and continues to struggle with) depression, anxiety, fear, anger, difficulty sleeping, and other emotional trauma and distress. (*Id.*)

Ms. McPeters has submitted an affidavit supporting the allegations in the Complaint and her damages. (*See* **Exhibit 1**, Declaration of April Diane McPeters.) Ms. McPeters's Declaration states, among other things, that before this happened, she was drug-free for approximately five years, but afterwards she went into a downward spiral. (*Id.* ¶ 11.) She was unable to remain drug-free and could not maintain regular employment. (*Id.*) She was arrested on new charges and sent

3

to jail. (*Id.*) She lost contact with her family and was permitted to have only supervised visitations with her children. (*Id.*) She experienced emotional trauma and distress. (*Id.*) She sought treatment at Cherokee Health Systems and was diagnosed with post-traumatic stress disorder. (*Id.*) She continues to suffer from the effects of the incident today. (*Id.*)

Ms. McPeters's mother, Sena McPeters, has also submitted a declaration. (*See* **Exhibit 2**, Declaration of Sena McPeters.) Her Declaration states, among other things, that her daughter was doing well before the rape. (*Id.* ¶ 3.) Her daughter had been drug-free for approximately five years, and she was working, paying her bills, and paying the rent for the house that her parents rented her. (*Id.*) After the rape, her daughter spiraled downward. (*Id.* ¶ 4.) She relapsed and began taking drugs again. (*Id.*) Ms. McPeters's parents were forced to evict her from the rental house and cease communicating with her. (*Id.*) Ms. McPeters's mother did not speak with her for approximately a year. (*Id.*) The rape took an enormous toll on Ms. McPeters, and her mother does not believe that she will ever be the same as she was before the rape. (*Id.* ¶ 6.)

If the Court conducts a hearing on this application, Ms. McPeters reserves the right to present additional witnesses concerning her potential damages, including additional family members and mental-health professionals.

Ms. McPeters has also submitted a certified copy of the judgment from Defendant Thomas's criminal case in the Anderson County Circuit Court showing that Defendant Thomas was convicted of violating Tenn. Code Ann. § 39-16-409, a Class E felony, and sentenced to two years of supervised probation. (*See* **Exhibit 3**, Judgment, State v. Thomas, Anderson County Circuit Court, No. B8C00153.) Tenn. Code Ann. § 39-16-409 provides:

> It is an offense for a probation and parole officer to engage in sexual contact or sexual penetration, as defined in § 39-13-501, whether consensual or nonconsensual, with a probationer or parolee who is under the supervision of the department of correction; provided, that

4

the probation or parole officer knows or reasonably should know the
person is a probationer or parolee.

Tenn. Code Ann. § 39-16-409(b). Defendant Thomas's counsel stated that the criminal charges "ar[o]se, generally, out of the same alleged conduct that form the basis for [Plaintiff's] claims against Mr. Thomas in this case." (Doc. 17 at 2; *see also id.* at 3 ("Generally speaking, Mr. Thomas' pending criminal case is based on the same set of alleged facts as this case.").)

## ARGUMENT

### I. Plaintiff has established Mr. Thomas's liability.

"When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885), and *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). As a result, the entry of default typically establishes a defendant's liability.

Here, the allegations in the Complaint are sufficient to establish Mr. Thomas's liability on Plaintiff's civil-rights claim (Count I) and assault and battery claims (Count III).

Concerning the civil-rights claim, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Mr. Thomas, a Probation and Parole Officer with TDOC, was conducting a home visit wearing his badge and gun when he entered Ms. McPeters's home and raped her, which violated Ms.

McPeters's constitutional right to her personal bodily integrity. *Cf. Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 725 (6th Cir. 1996) (students—whose claims concerned teacher's conduct, including slapping a student and rubbing a student's stomach in an allegedly sexual manner— "alleged violation of a constitutionally protected liberty interest, within the meaning of the Fourteenth Amendment, in their personal bodily integrity." (citations omitted)); *see also Haberthur v. City of Raymore, Missouri*, 119 F.3d 720, 723-24 (8th Cir. 1997) (holding that allegations that an on-duty police officer "fondled a private erogenous area," made "sexually suggestive remarks," and implied "further sexual contact . . . in the larger context of threatening adverse official action" stated a claim under § 1983); *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001) ("Sexual misconduct by a police officer toward another generally is analyzed under the Fourteenth Amendment; sexual harassment by a police officer of a criminal suspect during a continuing seizure is analyzed under the Fourth Amendment."). In short, no matter how Ms. McPeters's constitutional right is described or analyzed, Defendant Thomas's conduct constituted a constitutional violation under § 1983.

Concerning Ms. McPeters's assault claim, under Tennessee law, "if a defendant intends to create an apprehension of harm in the plaintiff, he or she has committed the intentional tort of assault." *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 371 (Tenn. 2011); *see also* Restatement (Second) of Torts § 21(1) (1965) ("An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension."). Again, Mr. Thomas, after requesting sexually explicit pictures of Ms. McPeters, came into her home with a gun, ordered her to delete text messages, and, with his hand on his gun, commanded her to perform oral sex on him. Mr. Thomas

6

intended to create in Ms. McPeters an apprehension of an unconsented-to touching, and she was placed in such apprehension.

Concerning Ms. McPeters's battery claim, under Tennessee law, "[a] battery is any intentional, unlawful, and harmful *[or offensive]* physical contact by one person with another person." 8 Tenn. Prac. Pattern Jury Instr. T.P.I.—Civil 8.02 (2020 ed.); *see also* Restatement (Second) of Torts § 18(1) ("An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly results."). Mr. Thomas intentionally placed his genitalia inside Ms. McPeters's mouth without her consent, which constituted an unlawful, harmful, and offensive contact with her. *Cf.* Tenn. Code Ann. § 39-16-409(b) ("It is an offense for a probation and parole officer to engage in sexual contact or sexual penetration, as defined in § 39-13-501 [which includes fellatio, § 39-13-501(7)], whether consensual or nonconsensual, with a probationer or parolee who is under the supervision of the department of correction; provided, that the probation or parole officer knows or reasonably should know the person is a probationer or parolee.").

In short, the allegations in Plaintiff's Complaint, taken as true, establish Mr. Thomas's liability.

## II. Plaintiff is entitled to damages.

Having established Mr. Thomas's liability for his intentional conduct, Ms. McPeters is entitled to compensatory and punitive damages for each of her claims.

### A. Plaintiff is entitled to compensatory damages.

Under both federal and state law, compensatory damages are intended to address a plaintiff's damages and injuries caused by a defendant's conduct. For Ms. McPeters's federal

7

Case 3:18-cv-00039-CLC-HBG Document 54 Filed 11/16/20 Page 7 of 12 PageID #: 416

§ 1983 claim and her state-law tort claims, similar considerations govern the award of compensatory damages. Notably, as explained below, the Tennessee state-law cap on noneconomic damages does not apply in this case because Mr. Thomas was convicted of a felony for the conduct that caused Ms. McPeters's damages and injuries.

Compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct." *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001). Compensatory damages for federal § 1983 claims are not subject to a cap. For Tennessee state-law claims, compensatory damages consist of economic damages and noneconomic damages. Tenn. Code Ann. §§ 29-39-101, -102. Economic damages are damages for "objectively verifiable pecuniary damages," such as "medical expenses." Tenn. Code Ann. § 29-39-101(1). Noneconomic damages are damages for "nonpecuniary losses," such as "physical and emotional pain." Tenn. Code Ann. § 29-39-101(2).

Under a Tennessee statute, compensation for noneconomic damages cannot exceed $750,000 unless a statutory exception applies. *See* Tenn. Code Ann. § 29-39-102(a)(2). One such exception applies here: "the defendant's act or omission results in the defendant being convicted of a felony under the laws of this state . . . , and that act or omission caused the damages or injuries." Tenn. Code Ann. § 29-39-102(h)(4). (*See* **Exhibit 3**.) Thus, the $750,000 cap on noneconomic damages does not apply in this case.

As a result of Mr. Thomas's conduct, Ms. McPeters was traumatized and humiliated. She was later subjected to a surprise repeat home visit by two male officers and increasingly strict supervision. Ms. McPeters—who had complied with her probation before the rape—could not maintain regular employment or remain drug free after the rape, and she was sent to jail. She

8
Case 3:18-cv-00039-CLC-HBG Document 54 Filed 11/16/20 Page 8 of 12 PageID #: 417

experienced depression, anxiety, fear, anger, difficulty sleeping, and other emotional trauma and distress.

Ms. McPeters requests that the Court conduct a hearing and award compensatory damages in an amount sufficient to compensate her for her damages and injuries but no less than $10 million.

### B.  Plaintiff is entitled to punitive damages.

Under both federal and state law, punitive damages are intended to punish a defendant for wrongful conduct and deter others from engaging in such conduct in the future. As with compensatory damages, similar considerations govern the award of punitive damages for Plaintiff's federal claim and her state-law tort claims. Punitive damages for federal § 1983 claims are not subject to a cap. Again, although Tennessee state law provides a cap on punitive damages for Tennessee state-law claims, the cap does not apply here because Mr. Thomas was convicted of a felony for the conduct that caused Ms. McPeters's damages and injuries.

Punitive damages "operate as 'private fines' intended to punish the defendant and to deter future wrongdoing." *Cooper Indus., Inc.*, 532 U.S. at 432. "[R]eckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages." *Smith v. Wade*, 461 U.S. 30, 51 (1983).

Under Tennessee law, a court may "award punitive damages only if it finds a defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). As relevant here, a person acts intentionally "when it is the person's conscious objective or desire to engage in the conduct or cause the result. *Cf.* T.C.A. § 39-11-302(a) (1991) (criminal definition of 'intentional')." *Id.* "A person acts maliciously when the person is motivated by ill will, hatred, or personal spite." *Id.*

9

Under a Tennessee statute, an award of punitive damages on state-law claims cannot exceed the greater of (a) two times the amount of compensatory damages awarded; or (b) $500,000. Tenn. Code Ann. § 29-39-104(a)(5). The Sixth Circuit held this limitation unconstitutional under the Tennessee Constitution in *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018). And, regardless, under the terms of the statute, the limitation does not apply "[i]f the defendant's act or omission results in the defendant being convicted of a felony under the laws of this state . . . , and that act or omission caused the damages or injuries." Because Mr. Thomas was convicted of a felony for the conduct that caused Ms. McPeters's injuries, the statutory cap on punitive damages does not apply. (*See* **Exhibit 3**.)

Punitive damages should be awarded to punish Mr. Thomas's egregious conduct and to deter others from engaging in such conduct in the future. Mr. Thomas had authority over Ms. McPeters. He had a badge and a gun. And his hand was on his gun when he commanded Ms. McPeters to perform oral sex on him. She had no choice but to comply with his commands. Abusing his authority and exploiting a probationer for his own sexual gratification is offensive, outrageous, and illegal under Tennessee law even if Plaintiff consented (and she did not). *See* Tenn. Code Ann. § 39-16-409(b). Mr. Thomas deserves to be punished. Punitive damages should also be awarded to deter other officers from sexually harassing or raping those under their supervision in the future.

Ms. McPeters requests that the Court conduct a hearing and award punitive damages in an amount sufficient to punish Mr. Thomas and deter others from engaging in similar misconduct in the future but no less than $15 million.

10

Case 3:18-cv-00039-CLC-HBG    Document 54    Filed 11/16/20    Page 10 of 12
PageID #: 419

### III. Plaintiff is entitled to reasonable attorney's fees.

Because Ms. McPeters has established Mr. Thomas's liability on her federal civil-rights claim, the Court should enter a default judgment, which will make her the prevailing party and entitle her to reasonable attorney's fees. The applicable statute, 42 U.S.C. § 1988, provides that in any action or proceeding to enforce a provision of § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

Upon entry of judgment against Defendant Thomas (or before any hearing conducted on this application), Plaintiff will request her attorney's fees under 42 U.S.C. § 1988 in accordance with Fed. R. Civ. P. 54(d)(2) and Local Rule 54.2.

### CONCLUSION

Defendant Thomas's misconduct that is the subject of this case was of a most outrageous and appalling nature. No probationer in the United States should ever face coercion of sexual acts by a state official as Ms. McPeters did. Defendant Thomas had complete de facto control over her freedom. His abuse of authority has caused untold harm. Plaintiff has established Defendant Thomas's liability on her federal civil-rights claim and her state-law tort claims. Mr. Thomas is liable for compensatory and punitive damages for each claim.

Plaintiff requests that the Court conduct a hearing in which the Court can hear testimony from Ms. McPeters and potentially other witnesses, such as mental-health professionals, concerning Ms. McPeters's injuries and damages caused by Defendant Thomas and, following the hearing, enter a default judgment against Mr. Thomas for compensatory and punitive damages in an amount no less than $10 million in compensatory damages and $15 million in punitive damages.

11

Respectfully submitted,

**NEAL & HARWELL, PLC**

By:    /s/ Philip N. Elbert
        Philip N. Elbert, No. 9430
        Jeffrey A. Zager, No. 032451
        Benjamin C. Aaron, No. 034118

1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 244-1713 – Phone
(615) 726-0573 – Fax
pelbert@nealharwell.com
jzager@nealharwell.com
baaron@nealharwell.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed electronically on the 16th day of November, 2020. A copy of the filing will be served by U.S. First Class Mail, postage prepaid, to:

    Bryant Lamont Thomas
    1402 Dorchester Ave.
    Middlesboro, KY 40965

    *Defendant pro se*

                                       /s/ Philip N. Elbert